**ORIGINAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CRIMINAL MINUTES - SENTENCING AND JUDGMENT

Case No: __CR03-42-LGB__                    Date: __September 8, 2003__

PRESENT: HONORABLE LOURDES G. BAIRD, JUDGE

____ Priority
_X_ Send
____ Clsd
____ Enter
____ JS-5/JS-6
_X_ JS-2/JS-3

| Catherine M. Jeang | Mark Schweitzer | James Spertus |
|---|---|---|
| Courtroom Deputy | Court Reporter | Asst. U. S. Attorney |

INTERPRETER: __N/A__

U.S.A. vs (Dfts listed below)          Attorneys for Defendants

1) __IGOR SEREBRYANY__                   __NINA MARINO__
   _X_ PRESENT  _X_ BOND                _X_ PRESENT  _X_ RETAINED

SENTENCE:

_X_  REFER TO JUDGMENT AND PROBATION/COMMITMENT ORDER  (attached hereto)
_XX_ AND SEE BELOW.

____ Imprisonment for _____ on each of Count(s) ____ Count(s)
     _concurrent/consecutive to Count(s) __ __ Fine of $____ is imposed on
     each of Count(s) ____ Execution ____ Imposition of Sentence as to
     imprisonment only suspended on Counts
____ Imposition of fine suspended on Count(s) _____.

____ Confined in a jail-type institution for _____ to be served on
     consecutive _____     from _____ to _____, commencing _____ to ___
     and thereafter until the jail-type sentence has been completed;

____ Comply with the rules/regulations of INS, if deported not return to U.S.A.
     illegally and upon any reentry during period of supervision report to the
     nearest P/O within 72 hours.

_XX_ On Government's motion, all remaining count(s)/underlying
     indict/information, ordered dismissed.

_XX_ Defendant informed of right to appeal.

____ Present bond to continue as bond on appeal.  ____ Appeal bond set at $____

_XX_ OTHER:    Bond is exonerated.

_X_  FILED and distributed judgment.  Issd JS-3.  ENTERED.

                                        Deputy Clerk Initials _____

United States District Court
Central District of California

| UNITED STATES OF AMERICA vs. | Docket No. CR03-42-LGB |
|---|---|
| Defendant IGOR SEREBRYANY | Social Security No. 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 |
| akas: N/A | Mailing Address: 7309 Franklin Ave |
| & Residence 5116 s. Kimbark Ave. #2A | No. 204 |
| Address Chicago, Illinois 60615 | Los Angeles, CA 90046 |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person, on this date: September 8, 2003

**COUNSEL:**   XX  WITH COUNSEL Nina Marino, Retained

**PLEA:**     XX  GUILTY, and the Court being satisfied that there is a factual basis for the plea.   ___ NOLO CONTENDERE   ___ NOT GUILTY

**FINDING:** There being a FINDING of GUILTY, defendant has been convicted as charged of the offense(s) of: Theft of Trade Secrets in violation of 18 USC 1832, as charged in the Count 1 of the Indictment.

**JUDGMENT AND PROBATION/COMMITMENT ORDER:**
The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

It is ordered that the defendant shall pay to the United States a special assessment of $100.00, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $146,085.00 pursuant to 18 USC 3663A. The amount of restitution ordered shall be paid as follows:

| Victim | Amount | Priority Order or Percentage of Payment |
|---|---|---|
| Jones Day<br>555 East Fifth Street, Suite 4600<br>Los Angeles, California 90013<br>    Attn: Gregory Schetina | $78,037.00 | 50 |
| DirecTV<br>2230 East Imperial Highway<br>El Segundo, California 90245<br>    Attn: Megan McNulty | $68,048.00 | 50 |
| TOTAL: | $146,085.00 | |

The defendant shall make nominal monthly payments of at least $100.00 during the period of probation, which shall begin thirty (30) days after defendant has completed his terms and conditions of home confinement. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

The defendant shall comply with General Order No. 01-05.

Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is found that the defendant does not have the ability to pay a fine in addition to restitution.

United States District Court
Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | Docket No. CR03-42-LGB |
| vs | |
| IGOR SEREBRYANY | DATE: September 8, 2003 |
| Defendant | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

(CONTINUED FROM PAGE 1)

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby placed on probation on Count 1 of the Indictment for a term of five (5) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;
2. The defendant shall participate for a period of 6 months in a home detention program which includes electronic monitoring and shall observe all rules of such program, as directed by the Probation Officer;
3. The defendant shall pay the costs of electronic monitoring to the contract vendor, not to exceed the sum of $4.60 for each day of participation in the electronic monitoring program.  The defendant shall provide payment and proof of payment as directed by the Probation Officer;
4. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;
5. The defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved and directed by the Probation Officer;
6. The defendant shall use only those computers and computer-related devices, screen user names, passwords, e-mail accounts, and internet service providers (ISPs) as approved by the Probation Officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, other computers, or similar media.  However, the Court specifically approves defendant's use for academic purposes, the equipment located in the University of Chicago computer science laboratory, and defendant's use of computers related to his employment as a technical support administrator for the Social Sciences Division of the University of Chicago or any other employment as approved by the Probation Officer;
7. All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search.  The defendant shall not add, remove, upgrade, update, re-install, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without the prior approval of the Probation Officer.  Further, the defendant shall provide all billing records, including telephone, cable, Internet, satellite, and the like, as requested by the Probation Officer, excluding the equipment located in the University of Chicago computer science laboratory, and the computers defendant uses in connection with his employment as a technical support administrator for the Social Sciences Division of the University of Chicago or any other employment as approved by the Probation Officer; and

United States District Court
Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA | Docket No. CR03-42-LGB |
| vs | |
| IGOR SEREBRYANY | DATE: September 8, 2003 |
| Defendant | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

(CONTINUED FROM PAGE 2)

8. The defendant shall not access via computer any material that relates to smart card technology or the encryption of satellite television program transmissions without the approval of the Probation Officer. The defendant shall not have another individual access the internet on his behalf to obtain files or information which he is restricted from accessing himself or accepting restricted files or information from another person.

Upon motion made by the government, the Court dismisses the remaining counts of the Indictment.
The Court notifies the defendant of his right to appeal.
The Court orders bond exonerated.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. the Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by: U.S. District Court Judge _____
LOURDES G. BAIRD

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

Dated/Filed 09/12/03     By _____
Catherine M. Jeang, Courtroom Deputy

PAGE THREE OF FIVE

U.S.A. vs IGOR SEREBRYANY                                                    Docket No.: CR03-42-LGB

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and 01-05.

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

### SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

U.S.A. vs IGOR SEREBRYANY                                        Docket No.: CR03-42-LGB

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____ By _____
Date                    Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____ By _____
Filed Date              Deputy Clerk