**United States District Court**
**Central District of California**

| | |
|---|---|
| UNITED STATES OF AMERICA vs. | Docket No.  CR03-42-LGB |
| Defendant_IGOR SEREBRYANY | Social Security No._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 |
| akas: N/A | Mailing Address:_7309 Franklin Ave |
| & Residence_5116 s. Kimbark Ave. #2A | No. 204 |
| Address Chicago, Illinois 60615 | Los Angeles, CA 90046 |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person
on this date: _September 8, 2003_

**COUNSEL:**   _XX_ WITH COUNSEL Nina Marino, Retained

**PLEA:**   _XX_ **GUILTY**, and the Court being satisfied that there is a factual
basis for the plea. _____ NOLO CONTENDERE _____ NOT GUILTY

**FINDING:**  There being a FINDING of GUILTY, defendant has been convicted as charged of the
offense(s) of: *Theft of Trade Secrets in violation of 18 USC 1832*, as
charged in the Count 1 of the Indictment.

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

## JUDGMENT AND PROBATION/COMMITMENT ORDER:

**The Court asked whether defendant had anything to say why judgment should not be pronounced.**
**Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court**
**adjudged the defendant guilty as charged and convicted and ordered that:**
It is ordered that the defendant shall pay to the United States a special
assessment of $100.00, which is due immediately.
It is ordered that the defendant shall pay restitution in the total amount of
$146,085.00 pursuant to 18 USC 3663A. The amount of restitution ordered shall
be paid as follows:

| Victim | Amount | Priority Order or Percentage of Payment |
|---|---|---|
| Jones Day | $78,037.00 | 50 |
| 555 East Fifth Street, Suite 4600 | | |
| Los Angeles, California 90013 | | |
|      Attn: Gregory Schetina | | |
| DirecTV | $68,048.00 | 50 |
| 2230 East Imperial Highway | | |
| El Segundo, California 90245 | | |
|      Attn: Megan McNulty | | |
|                 TOTAL: | $146,085.00 | |

The defendant shall make nominal monthly payments of at least $100.00 during
the period of probation, which shall begin thirty (30) days after defendant has
completed his terms and conditions of home confinement.  Nominal restitution
payments are ordered as the court finds that the defendant's economic
circumstances do not allow for either immediate or future payment of the amount
ordered.
The defendant shall comply with General Order No. 01-05.
Pursuant to Section 5E1.2(e) of the Guidelines, all fines are waived as it is
found that the defendant does not have the ability to pay a fine in addition to
restitution.

**PAGE ONE OF FIVE**

42

**United States District Court**
**Central District of California**

UNITED STATES OF AMERICA

        vs

Docket No. __CR03-42-LGB__

IGOR SEREBRYANY

        Defendant

DATE: __September 8, 2003__

## JUDGMENT AND PROBATION/COMMITMENT ORDER

(CONTINUED FROM PAGE 1)

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby placed on probation on Count 1 of the Indictment for a term of five (5) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall participate for a period of 6 months in a home detention program which includes electronic monitoring and shall observe all rules of such program, as directed by the Probation Officer;

3. The defendant shall pay the costs of electronic monitoring to the contract vendor, not to exceed the sum of $4.60 for each day of participation in the electronic monitoring program. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

4. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment;

5. The defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved and directed by the Probation Officer;

6. The defendant shall use only those computers and computer-related devices, screen user names, passwords, e-mail accounts, and internet service providers (ISPs) as approved by the Probation Officer. Computers and computer-related devices include, but are not limited to, personal computers, personal data assistants (PDAs), internet appliances, electronic games, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, other computers, or similar media. However, the Court specifically approves defendant's use for academic purposes, the equipment located in the University of Chicago computer science laboratory, and defendant's use of computers related to his employment as a technical support administrator for the Social Sciences Division of the University of Chicago or any other employment as approved by the Probation Officer;

7. All computers, computer-related devices, and their peripheral equipment, used by the defendant shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search. The defendant shall not add, remove, upgrade, update, re-install, repair, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without the prior approval of the Probation Officer. Further, the defendant shall provide all billing records, including telephone, cable, Internet, satellite, and the like, as requested by the Probation Officer, excluding the equipment located in the University of Chicago computer science laboratory, and the computers defendant uses in connection with his employment as a technical support administrator for the Social Sciences Division of the University of Chicago or any other employment as approved by the Probation Officer; and

**PAGE TWO OF FIVE**

United States District Court
Central District of California

UNITED STATES OF AMERICA                    Docket No.  CR03-42-LGB
              vs
IGOR SEREBRYANY                             DATE: September 8, 2003
       Defendant

| JUDGMENT AND PROBATION/COMMITMENT ORDER |
|---|

(CONTINUED FROM PAGE 2)

8.   The defendant shall not access via computer any material that relates to
     smart card technology or the encryption of satellite television program
     transmissions without the approval of the Probation Officer. The defendant
     shall not have another individual access the internet on his behalf to
     obtain files or information which he is restricted from accessing himself
     or accepting restricted files or information from another person.

Upon motion made by the government, the Court dismisses the remaining counts of
the Indictment.
The Court notifies the defendant of his right to appeal.
The Court orders bond exonerated.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation
and Supervised Release set out on the reverse side of this judgment be imposed.  the Court may change the conditions of
supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period
permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

Signed by: U.S. District Court Judge

LOURDES G. BAIRD

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S.
Marshal or other qualified officer.

Sherri R. Carter, Clerk

Dated/Filed 09/12/03                     By
                                            Catherine M.                Courtroom Deputy
                                                              1102

PAGE THREE OF FIVE

**U.S.A. vs  IGOR SEREBRYANY**                                    **Docket No.: CR03-42-LGB**

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall comply with the additional conditions on the attached page(s) pursuant to General Orders 318 and 01-05.

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

**U.S.A. vs  IGOR SEREBRYANY**                                    **Docket No.: CR03-42-LGB**

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer,
5. the defendant shall support his or her dependants and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall not possess a firearm or other dangerous weapon;
16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____          By _____
Date                                                Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____          By _____
Filed Date                                          Deputy Clerk

CR-104 (10/02)                        **JUDGMENT & PROBATION/COMMITMENT ORDER**

# NOTICE PARTY SERVICE LIST

**Case No.** CR03-42-LGB   **Case Title** U.S.A. v. IGOR SEREBRYANY

**Title of Document** JUDGMENT AND PROBATION/COMMITMENT ORDER

| | |
|---|---|
| | Atty Sttlmnt Officer |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | Calderon, Arthur - Warden, San Quentin |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | CA St Pub Defender (Calif. State PD) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Adm |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| ✘ | Fiscal Section |
| | Intake Supervisor |
| | Interpreter Section |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PIA Clerk - Riverside (PIAED) |
| ✘ | PSA - Los Angeles (PSALA) |
| | PSA - Santa Ana (PSASA) |
| | PSA - Riverside (PSAED) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |
| | Stratton, Maria - Federal Public Defender |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| ✘ | US Marshal Service - Los Angeles |
| | US Marshal Service - Santa Ana |
| | US Marshal Service - Riverside |
| ✘ | US Probation Office |
| | US Trustee's Office |

| | |
|---|---|
| | ***ADD NEW NOTICE PARTY***<br>*(\* print name and address below):* |
| | |
| | |

*\* Print name & address of the notice party if this is the first time this notice party is being served through Optical Scanning.  Print ONLY the name of the notice party if documents have previously been  served on this notice party through Optical Scanning.*

| | |
|---|---|
| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
| |
| |
| |
| |
| |

**Initials of Deputy Clerk** _____

G-75  (03/03)                    NOTICE PARTY SERVICE LIST